# United States Court of Appeals
### For the Eighth Circuit

_____

No. 23-2942
_____

United States of America,

*Plaintiff - Appellee,*

v.

Tujuane Leno Lowry,

*Defendant - Appellant.*
_____

Appeal from United States District Court
for the District of South Dakota - Northern
_____

Submitted: May 10, 2024
Filed: August 15, 2024
_____

Before COLLOTON, Chief Judge, BENTON and SHEPHERD, Circuit Judges.
_____

COLLOTON, Chief Judge.

Tujuane Lowry pleaded guilty to unlawful possession of a firearm as a felon. *See* 18 U.S.C. § 922(g)(1). He reserved the right to appeal two orders of the district court[*] denying motions to dismiss the indictment. We conclude that there was no error and affirm the judgment.

## I.

The principal issues on appeal involve Lowry's detention in state custody while this federal case was pending. In June 2022, prosecutors in South Dakota charged Lowry with several offenses. State authorities detained Lowry at the county jail in Aberdeen pending trial. In August 2022, a federal grand jury indicted Lowry for possession of a firearm as a felon.

The United States Marshals Service sent copies of the indictment and an arrest warrant to a Sergeant Miller at the Aberdeen police department. Miller forwarded the documents to the jail, but asked the jail staff not to serve the warrant on Lowry. A deputy sheriff, however, mistakenly gave Lowry these documents, filled out the "Return" portion of the warrant, and wrote that Lowry "was arrested on 8/10/22." The deputy did not notify Sergeant Miller or federal authorities of her actions.

Federal officials withheld action on the federal case and allowed Lowry's state proceedings to continue. The federal indictment remained under seal, so Lowry was unable to obtain information about his federal case while in state custody. Lowry

---

[*]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota, adopting the report and recommendations of the Honorable Mark A. Moreno, United States Magistrate Judge for the District of South Dakota.

remained in the jail for seven months after receiving the federal indictment and arrest warrant.

On March 10, 2023, after the state trial date was continued, the government moved the court to unseal Lowry's federal indictment and obtained a writ of *habeas corpus ad prosequendum* that allowed for the transfer of Lowry from state to federal custody. Lowry appeared in federal court on March 15, one day after the writ was executed.

Lowry twice moved to dismiss the federal indictment. The first motion argued that the government failed to present him promptly to a federal magistrate judge as required by the rules of criminal procedure, violated his substantive due process rights under the Fifth Amendment, and violated his right to a speedy trial under the Sixth Amendment. The second asserted that the felon-in-possession statute, 18 U.S.C. § 922(g)(1), is unconstitutional. The district court denied both motions, and Lowry entered a conditional plea of guilty that reserved his right to appeal. The court sentenced Lowry to 84 months' imprisonment on the gun charge and entered judgment. The district court's rulings on the motions involve legal questions that we review *de novo*. *United States v. Cooke*, 853 F.3d 464, 470 (8th Cir. 2017).

II.

Lowry first argues that the government violated his substantive due process rights by delaying his presentation to a federal magistrate judge. Lowry cites the seven-month period between the date when the sheriff's deputy delivered the federal arrest warrant to him in the county jail and his initial appearance in federal court. He maintains that the government violated his rights by failing to remove him from state custody to present him in federal court.

Presentment is governed primarily by a rule of criminal procedure. Rule 5(a) requires an arresting officer to take a defendant before a magistrate judge "without unnecessary delay." Fed. R. Crim. P. 5(a). This rule, however, applies only to persons "arrested and held under federal law." *Cooke*, 853 F.3d at 470.

Lowry contends that the sheriff's deputy arrested him on the federal warrant in August 2022 at the county jail and triggered an obligation under the rule. We disagree because the deputy did not seize Lowry anew or transfer him to federal custody. By delivering the indictment and warrant to the jail through a local police officer, the Marshals Service effectively lodged a detainer against Lowry. That action merely put the jailers on notice that Lowry was wanted by federal authorities after his release from state custody. *See United States v. Mauro*, 436 U.S. 340, 358 (1978). There was no arrest, and the presentment requirement of Rule 5(a) was not triggered.

Even so, Lowry presses the unlikely contention that the government's conduct violated his constitutional rights without violating the applicable rule of procedure. Substantive due process is an extreme concept. To justify the dismissal of an indictment, a defendant must show "outrageous" government action that "shocks the conscience." *United States v. Jones*, 70 F.4th 1109, 1112 (8th Cir.), *cert. denied*, 144 S. Ct. 366 (2023). When a claim involves a delay in presentment, we consider whether the government exhibited "[d]eliberate indifference to prisoner welfare." *Id.* at 1112-13 (internal quotation omitted). This standard was met, for example, where a jailer held an arrestee for more than a month without a court appearance, despite the arrestee's plea to see a judge and the jailer's knowledge that an arrestee was entitled by law to appear "without unnecessary delay." *Hayes v. Faulkner County*, 388 F.3d 669, 673-74 (8th Cir. 2004).

The circumstances here do not approach the level of a due process violation. The deputy's inartful completion of the arrest warrant did not affect Lowry's welfare. He had appeared before a state judge and was properly detained in state custody

pending his prosecution on state charges. Lowry complains that the government did not promptly unseal the federal indictment. Without an arrest, however, it was proper for federal authorities to defer to state proceedings before initiating the federal prosecution. *See United States v. Schreane*, 331 F.3d 548, 554-55 (6th Cir. 2003). There was no violation of Lowry's constitutional rights based on the timing of his appearance in federal court.

Lowry next contends that the government violated his right under the Sixth Amendment to a speedy trial. To trigger a speedy-trial analysis, however, an accused must show that the interval between accusation and trial "has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay." *Doggett v. United States*, 505 U.S. 647, 651-52 (1992) (internal quotation omitted). The nine-and-a-half months that elapsed between indictment and guilty plea in this case fall short of the duration required for presumptive prejudice. *See United States v. Leveke*, 38 F.4th 662, 671-72 (8th Cir. 2022); *United States v. White Horse*, 316 F.3d 769, 774 (8th Cir. 2003). The court thus properly rejected Lowry's claim under the Sixth Amendment.

Lowry also argues that his conviction under 18 U.S.C. § 922(g)(1) violates his constitutional right to keep and bear arms under the Second Amendment. Lowry's contention is foreclosed by our decision in *United States v. Jackson*, No. 22-2870, 2024 WL 3711155, at *4 (8th Cir. Aug. 8, 2024).

The judgment of the district court is affirmed.

_____